IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SOUTHERN SOLUTIONS )
PRODUCE, LLC )
 )
    Debtor, )
 )
BRYANT CUNNINGHAM )
 )
    Appellant )
 )
v. ) 1:08CV299
 )
WILLIAM P. MILLER )
 )
    Appellee, Trustee )
 )
MICHAEL D. WEST )
 )
    Movant. )

**MEMORANDUM OPINION AND ORDER**

OSTEEN, JR., District Judge.

    Presently before this court is an Appeal from Order of the United States Bankruptcy Court by Appellant Bryant Cunningham (Doc. 13.) Appellant argues that the July 31, 2007 decision of the United States Bankruptcy Court granting summary judgment in favor of Trustee William P. Miller (Doc. 10-10) was in error. Both parties have submitted briefs to this court, a hearing was held on September 17, 2008, and this appeal is now ripe for a decision.

    For the reasons set forth herein, this court affirms the bankruptcy court's grant of summary judgment in favor of the Trustee. However, this court modifies the bankruptcy order

regarding the remedy for satisfying the judgment against Appellant. This court concludes that an equitable lien is the proper remedy by which the Trustee may recover the fraudulently transferred funds, rather than a constructive trust.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Tanikka Watford and her sister, LaTisha Watford, started a produce business known as Southern Solutions Produce LLC ("Southern Solutions" or "Debtor"), organized and existing under the laws of North Carolina. Both Tanikka Watford and LaTisha Watford were members and managers of Southern Solutions and controlled its finances and operations. Bryant Cunningham ("Appellant") is Tanikka Watford's husband, and resides with Ms. Watford at a home located at 447 Valley Avenue Southeast, Washington, D.C. (hereinafter "Subject Real Property").

During the period of time relevant to this proceeding, Southern Solutions was in the business of selling produce to the United States Department of Defense. In late January and mid-February 2006, Southern Solutions received two payments from the Department of Defense totaling more than $100,200.00.[1] After receipt of those payments, Southern Solutions, acting through Tanikka Watford, provided funds in the amount of $100,200.00 directly to Appellant. On or about February 16, 2006, Appellant

---

[1] The exact amount of the payments from the Department of Defense is not specified in the United States Bankruptcy Court's Findings of Facts, nor is it necessary to the result in this case.

2

paid down a certain equity line Deed of Trust held by SunTrust upon the Subject Real Property in the amount of $49,023.94.

On February 24, 2006, Southern Solutions filed a Chapter 7 bankruptcy petition in the Middle District of North Carolina, and William P. Miller ("Trustee" or "Appellee") was appointed as the Chapter 7 trustee of Debtor's bankruptcy estate. On June 28, 2006, Trustee instituted an adversary proceeding in the bankruptcy court, naming Appellant as a defendant and filing a motion for a preliminary injunction. The complaint alleged that Trustee, for and on behalf of Southern Solutions' estate, is entitled to the return of the funds transferred to Appellant under the theories of preference, conversion, constructive trust, and unfair and deceptive trade practices.

On July 31, 2007, the United States Bankruptcy Court granted Trustee's motion for summary judgment. (Doc. 10-10.) Among other facts, the bankruptcy court found: (1) the transfer from Southern Solutions to Appellant was made with the intent to hinder, defraud, or delay the creditors of Southern Solutions; (2) Appellant loaned money to Tanikka Watford, who then invested it in Southern Solutions; accordingly, Appellant is a creditor of Tanikka Watford, not Southern Solutions; (3) Southern Solutions received no reasonably equivalent value from Appellant in exchange for the transfer; and (4) the sum of $100,200.00 paid to Appellant was paid at a time when Southern Solutions was

3

insolvent. (Id. at 2-4.) Based on these findings of fact, the court concluded that the transfer of $100,200.00 from Southern Solutions to Appellant was a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(A) and § 548(a)(1)(B), and that Trustee is entitled to a judgment against Appellant in the amount of $100,200.00. (Id. at 5.) The court then ordered that a constructive trust be imposed on the Subject Real Property "in the total amount of $49,023.94" and that the trust "shall constitute a lien upon the Subject Real Property." (Id. at 6.)

On appeal, Appellant argues that the Bankruptcy Court erred in: (1) granting the Trustee's motion for summary judgment; (2) failing to properly weigh the Appellant's material evidence; and (3) granting a constructive trust on Appellant's real property. (Appellant's Opening Br. at 7, Doc. 13.) The first and second issues are related and do not require a separate discussion.

## II. JURISDICTION AND STANDARD OF REVIEW

A district court has jurisdiction to hear appeals of the final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In this case, Trustee agrees and stipulates that this court has jurisdiction over this appeal. (Doc. 18 at 5.) When a district court sits as an appellate court in bankruptcy matters, legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous. Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). On

4

appeal, the district court may affirm, modify, or reverse a bankruptcy judge's order. Fed. R. Bankr. P. 8013.

As a preliminary matter, the court notes that Appellee has moved this court to dismiss Appellant's appeal because of Appellant's failure to timely file his brief. (Doc. 14.) Appellant filed a Notice of Appeal on August 3, 2007. (Doc. 2-3.) On April 30, 2008, the Clerk of Court provided notice to all parties of receipt of the record of appeal from the Bankruptcy Court pursuant to Bankruptcy Rule 8007(b). (Doc. 12.) Appellant filed his brief in this court on May 19, 2008, more than fifteen days after entry of the appeal on the docket, in violation of Bankruptcy Rule 8009(a)(1). (Doc. 13.)

"The sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). This court is of the opinion that dismissal is not warranted in this case. Specifically, Appellant is proceeding pro se, and the delay in filing does not seem to be one of intentional bad faith. This court cannot ascertain any prejudice to Appellee, and the sanction of dismissal appears unduly harsh considering Appellant's pro se status, notwithstanding Appellant's other appeals. Accordingly, this court declines to exercise its discretion to dismiss Appellant's appeal.

5

## III. DISCUSSION

### A. Summary Judgment

Appellant argues that the bankruptcy court erred in granting summary judgment in favor of the Trustee, and further that the bankruptcy court failed to properly weigh and consider evidence presented by Appellant in opposition to the motion for summary judgment. (Appellant's Opening Br. at 7. Doc. 13.)

Summary judgment is appropriate where an examination of the pleadings, affidavits and other proper discovery materials before the court demonstrates that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). If the moving party has met that burden, the nonmoving party must then persuade the court that a genuine issue does remain for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a <u>genuine issue for trial</u>."

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (citations & footnote omitted) (<u>quoting</u> Fed. R. Civ. P. 56). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that

6

party if such inferences are reasonable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). However, there must be more than just a factual dispute; the fact in question must be material and the dispute must be genuine. Fed R. Civ. P. 56(c); Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Appellant initially contends that the bankruptcy court failed to consider his allegation that he loaned money to Debtor, Southern Solutions, and not to his wife. As the bankruptcy court recognized in its order, Appellant has made conflicting statements as to the party to whom money was loaned. Specifically, Appellant testified at the show cause hearing on July 10, 2006 that he was at no time employed by Southern Solutions, did not provide any services or goods to Southern Solutions, and made loans specifically to Tanikka Watford for Southern Solutions. (Show Cause Hr'g Tr., July 10, 2006, Doc. 6-2 at 54.) However, Appellant also submitted an affidavit of Tanikka Watford, stating that Appellant had loaned the money directly to Southern Solutions. (Aff. of T. Watford, Doc. 10-8.)

On several occasions, the Fourth Circuit Court of Appeals has held that a genuine issue of material fact is not created

7

where a party submits an affidavit that contradicts his or her own prior sworn testimony. See, e.g., Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."); Brice v. Joule Inc., No. 00-1068, 2000 WL 1225547, at *3 (4th Cir. Aug. 29, 2000) ("A plaintiff may not create an issue of fact by submitting an affidavit that is inconsistent with prior deposition testimony."). Appellant, by simply submitting an affidavit that contradicts his prior testimony, has failed to create a genuine issue of material fact concerning his status as a creditor of Southern Solutions.

Notwithstanding these conflicting statements, the evidence is still sufficient to support summary judgment in favor of Trustee on the issue of fraudulent transfer. Under 11 U.S.C. § 548, there are two alternate bases for finding that a transfer is fraudulent and thus can be avoided by a trustee. A trustee may avoid a transfer that was _actually_ fraudulent; that is, a transfer made with "actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . indebted." 11 U.S.C. § 548(a)(1)(A). A trustee may also avoid a transfer that is _constructively_ fraudulent; that is, if the debtor (I) received less than a reasonably equivalent value in exchange for such

8

transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation." 11 U.S.C. § 548(a)(1)(B). No fraudulent intent on the part of the debtor is required to avoid a transfer under § 158(a)(1)(B).

Under either theory, there is sufficient undisputed evidence in the record to support the bankruptcy court's grant of summary judgment in favor of the Trustee. First, "[i]n the context of § 548(a)(1)(A), courts closely scrutinize transfers between related parties. Indeed, such transfers, if made without adequate consideration, create a presumption of actual fraudulent intent." Tavenner v. Smoot, 257 F.3d 401, 408 (4th Cir. 2001). It is not disputed that Appellant and Tanikka Watford are married and reside together in the home located on the Subject Real Property. Nor is it disputed that the Appellant never received anything of value for the transfer of funds. (See Show Cause Hr'g Tr., July 10, 2006, Doc. 6-2 at 54.) These facts, taken together, give rise to the presumption that the transfer was made with actual fraudulent intent. See Tavenner, 257 F.3d at 408 (where debtor transferred funds to a corporation owned entirely by members of his immediate family and received no consideration in exchange for this transfer, bankruptcy court properly found that such transfers were intentionally fraudulent). Although Appellant attempts to portray himself as a creditor of Debtor, as discussed

9

above, such evidence is conflicting. Furthermore, it is clear that Appellant never perfected any security interest in Southern Solutions' accounts receivable or property, and thus it is undisputed that Appellant is not a secured creditor of Southern Solutions. (See Show Cause Hr'g Tr., July 10, 2006, Doc. 6-2 at 54-55.) Therefore, as Appellant has not submitted evidence sufficient to rebut the presumption of fraudulent intent, the bankruptcy court properly concluded that the transfer of funds from Debtor to Appellant was fraudulent within the meaning of § 548(a)(1)(A).

The bankruptcy court also properly concluded that the transfer of funds was constructively fraudulent under § 548(a)(1)(B). As noted above, it is not disputed that the Appellant never received anything of value for the transfer of funds. (Id. at 54.) The transfer of $100,200.00 from Debtor to Appellant took place just days before Debtor filed for bankruptcy on February 24, 2006, at a time when the Debtor was insolvent.[2] (See Order Granting Pl.'s Mot. for Summ. Judg. at 4, Doc. 10-10.) Therefore, the elements of § 548(a)(1)(B) are fully met by facts not in dispute. The bankruptcy court properly concluded that the transfer of $100,200.00 from Debtor to Appellant was a fraudulent

---

[2] The debtor is presumed to be insolvent on and during the ninety days immediately preceding the date of the filing of the petition. 11 U.S.C. § 547(f). Again, Appellant has not presented any evidence purporting to rebut that presumption.

10

transfer within the meaning of 11 U.S.C. § 548(a)(1)(A) and § 548(a)(1)(B), and Trustee is entitled to a judgment against Appellant in the amount of $100,200.00.

### B. Appropriate Equitable Remedy

Having determined that the bankruptcy court properly granted summary judgment in favor of the Trustee, this court now turns to whether the bankruptcy court properly imposed a constructive trust in the amount of $49,023.94 on the Subject Real Property. While this court agrees that Trustee is entitled to an equitable remedy in order to satisfy the judgment against Appellant, the proper remedy is an equitable lien rather than a constructive trust.

Although courts often conflate the concepts of constructive trusts and equitable liens, the two remedies are distinct. An equitable lien "is simply a charge upon the property, which charge subjects the property to the payment of the debt of the creditor in whose favor the charge exists." Fulp v. Fulp, 140 S.E.2d 708, 712 (N.C. 1965)."[3] It can arise either from a written contract "or is declared by a court of equity out of the general considerations of right and justice, as applied to the relations of the parties and the circumstances of their

---

[3] The existence of a constructive trust is a matter of state law. Jaffke v. Dunham, 352 U.S. 280, 281 (1957). Accordingly, this court looks to North Carolina law in determining whether the bankruptcy court erred in imposing a constructive trust.

11

dealings." Id. When an equitable lien is imposed, possession of the property remains with the debtor or person who holds the propriety interest subject to the encumbrance. Id. An equitable lien can arise in cases, for example, "where one person has wrongfully expended, for improvements on his property, the funds of another, but instances of this sort of lien are not confined to such cases." Id. at 713. Alternatively, a constructive trust "arises when one obtains the legal title to property in violation of a duty he owes to another." Id. at 711 (emphasis added). A constructive trust "is a passive, temporary trust, in which the trustee's sole duty is to transfer title to the beneficiary." Tractor & Auto Supply Co. v. Fayetteville Tractor & Equip. Co., 163 S.E.2d 510, 517 (N.C. Ct. App. 1968) (internal quotations and citation omitted).

This court is of the opinion that the imposition of an equitable lien on the Subject Real Property is the appropriate equitable remedy in this case. First, the record contains no evidence or finding suggesting that Appellant obtained legal title to the Subject Real Property as a result of his wrongful conduct. Rather, it seems that Appellant had some ownership interest in the Subject Real Property prior to the fraudulent transfer at issue, as evidenced by the fact that he used Debtor's funds to pay down an existing equity line Deed of Trust on the Subject Real Property. Trustee in this case is therefore not

12

entitled to the entire possessory estate; rather, he is merely entitled to Debtor's funds that were fraudulently received by Appellant. See Fulp, 140 S.E.2d at 713. Trustee may secure return of the fraudulently transferred funds by proceeding directly against the real property subject to the lien. See id. This court also notes that the bankruptcy court seems to have intended for possession of the Subject Real Property to remain with Appellant subject to an encumbrance, as the bankruptcy court ordered that the constructive trust "shall constitute a lien upon the Subject Real Property." (Order Granting Pl.'s Mot. for Summ. Judg. at 6, Doc. 10-10 (emphasis added).)

**IV. CONCLUSION**

Accordingly, this court holds that an equitable lien in the amount of $49,023.94 as of February 16, 2006, rather than a constructive trust, is the appropriate remedy. In all other respects, the order of the bankruptcy court is AFFIRMED.

It is therefore ORDERED that the United States Bankruptcy Court's order Granting Plaintiff's Motion for Summary Judgment dated July 31, 2007 is AFFIRMED in part and MODIFIED in part. This case is hereby REMANDED to the United States Bankruptcy Court for modification of the judgment in accordance with this opinion.

13

This the 16th day of January, 2009.

_William L. Osteen, Jr._
United States District Judge